IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| EDWARD DEBICKI, | ) | |
| | ) | |
| Plaintiff, | ) | NO. 3:17-cv-1355 |
| | ) | |
| v. | ) | JUDGE RICHARDSON |
| | ) | |
| PUBLIX SUPER MARKETS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

Pending before the Court is Defendant's Motion for Summary Judgment (Doc. No. 15). Plaintiff has filed a Response in opposition (Doc. Nos. 18 and 19), and Defendant has filed a Reply (Doc. No. 23).

**FACTS**

This case arises from an alleged slip and resulting injury in the men's restroom at the Publix grocery store located at 8028 Highway 100 in Nashville on September 16, 2016. Plaintiff alleges that he slipped in a puddle of "either urine or water," injuring his shoulder when he grabbed the urinal to brace himself. Plaintiff alleges that, as he started to fall, he grabbed the urinal to brace himself, slipped back and turned, in the process wrenching his right shoulder. Plaintiff testified that "somebody had peed kind of in that whole area." Plaintiff was not sure whether he noticed the urine on the floor before, but he noticed it right as he was getting ready to use the urinal. Plaintiff does not know who caused the urine to be on the floor or how long it had been present on the floor.

Plaintiff contends that Defendant breached its duty of care by failing adequately to inspect and maintain the restroom in a safe condition and to ensure that the floor was free of any slip-and-

fall hazards. He alleges that this incident resulted in a severely injured shoulder, specifically a massive rotator cuff tear, which required surgery to repair. He claims he has been unable to work since his injury and has incurred lost wages and significant medical bills in treating his injury.

Defendant has moved for summary judgment, arguing that Plaintiff cannot show that Defendant had actual or constructive notice of a dangerous condition on the floor of the restroom at the time in question.

## SUMMARY JUDGMENT

Summary judgment is appropriate where there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). In other words, even if genuine, a factual dispute that is irrelevant or unnecessary under applicable law is of no value in defeating a motion for summary judgment. *See id.* at 248. On the other hand, "summary judgment will not lie if the dispute about a material fact is 'genuine[.]'" *Id.*

A fact is "material" within the meaning of Rule 56(c) "if its proof or disproof might affect the outcome of the suit under the governing substantive law." *Anderson*, 477 U.S. at 248. A genuine dispute of material fact exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Harris v. Klare*, 902 F.3d 630, 634-35 (6th Cir. 2018).

The party bringing the summary judgment motion has the initial burden of identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Pittman v. Experian Information Solutions, Inc.*, 901 F.3d 619, 627-28 (6th Cir. 2018). If the

summary judgment movant meets that burden, then in response the non-moving party must set forth specific facts showing that there is a genuine issue for trial. *Id*. at 628.

A party asserting that a fact cannot be or genuinely is disputed—i.e., a party seeking summary judgment and a party opposing summary judgment, respectively—must support the assertion by citing to materials in the record, including, but not limited to, depositions, documents, affidavits or declarations. Fed. R. Civ. P. 56(c)(1)(A). On a motion for summary judgment, a party may object that the supporting materials specified by its opponent "cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2). Upon such an objection, the proponent of the supporting material must show that the material is admissible as presented or explain how it could be presented in a form that would be admissible. *Thomas v. Haslam*, 303 F. Supp. 3d 585, 624 (M.D. Tenn. 2018); *Mangum v. Repp*, 2017 WL 57792 at ** 5 (6th Cir. Jan. 5, 2017) (citing Fed. R. Civ. P. 56(c) advisory committee's note to 2010 amendment).

The court should view the facts and draw all reasonable inferences in favor of the non-moving party. *Pittman*, 901 F.3d at 628. Credibility judgments and weighing of evidence are improper. *Hostettler v. College of Wooster*, 895 F.3d 844, 852 (6th Cir. 2018). As noted above, where there is a genuine dispute as to any material fact, summary judgment is not appropriate. *Id*. The court determines whether sufficient evidence has been presented to make the issue of fact a proper jury question. *Id*. The mere existence of a scintilla of evidence in support of the nonmoving party's position will be insufficient to survive summary judgment; rather, there must be evidence upon which the jury could reasonably find for the nonmoving party. *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003).

## **NEGLIGENCE**

Where, as here, the basis for jurisdiction is diversity of citizenship of the parties, the Court applies the substantive law of the forum state—in this case, Tennessee. *Corley v. Wal-Mart Stores East, LP*, 637 Fed. App'x 210, 211 (6th Cir. 2016). Under Tennessee law, to establish a claim for negligence, Plaintiff must prove: (1) a duty of care owed by Defendant to him; (2) conduct falling below the applicable standard of care that amounts to a breach of that duty; (3) an injury or loss; and (4) causation. *Morris v. Wal-Mart Stores, Inc.*, 330 F.3d 854, 858 (6th Cir. 2003).

Plaintiff's claim is founded on a premises-liability theory. An owner's liability on a premises-liability theory stems from his superior knowledge concerning the condition of the premises. *Jobe v. Goodwill Indus. of Middle Tenn., Inc.*, No. M2017-02299-COA-R3-CV, 2018 WL 2671613 at * 2 (Tenn. Ct. App. June 4, 2018); *Nee v. Big Creek Partners*, 106 S.W.3d 650, 653 (Tenn. App. 2002). The owner of the premises "has a duty to exercise reasonable care to prevent injury to persons lawfully on the premises." *Id.* (citing *Rice v. Sabir*, 979 S.W.2d 305, 308 (Tenn. 1998)). Property owners are, therefore, required to exercise due care under all the circumstances. *Parker v. Holiday Hospitality Franchising, Inc.*, 446 S.W. 3d 341, 350 (Tenn. 2014). Property owners are expected to maintain the premises in a reasonably safe condition by removing or repairing dangerous conditions or by helping customers avoid injury by warning them of such dangerous conditions. *Wimmer v. Chattanooga-Hamilton Cty. Hosp. Authority*, 559 S.W.3d 448, 461 (Tenn. Ct. App. Jan. 26, 2018). This includes the duty of removing or warning against a dangerous condition traceable to persons for whom the proprietor is not responsible, if the circumstances of time and place are such that, by the exercise of reasonable care, the proprietor should have become aware of such condition. *Beckwith v. Wal-Mart Stores East, L.P.*, 112 F. Supp. 3d 724, 729 (W.D. Tenn. 2015).

On the other hand, business owners are not insurers of their patrons' safety. *Parker*, 446 S.W. 3d at 350. Thus, the property owner is not responsible for removing or warning against conditions from which no unreasonable risk was to be anticipated or from those which the occupier neither knew about nor could have discovered with reasonable care. *Id*. The mere existence of a defect or danger is generally insufficient to establish liability, unless it is shown to be of such a character or of such duration that a jury may reasonably conclude that due care would have discovered it. *Reynolds v. Rich*, 511 S.W.3d 526, 535 (Tenn. Ct. App. 2016).

In addition to the elements of negligence, in a premises liability case, a plaintiff must also establish that: 1) the condition was caused or created by the owner, operator, or his agent, or 2) if the condition was created by someone other than the owner, operator, or his agent, that the owner or operator had actual or constructive notice that the condition existed prior to the accident. *Blair v. West Town Mall*, 130 S.W.3d 761, 764 (Tenn. 2004); *Beckwith,* 112 F. Supp. 3d at 730.[1] There is no evidence that anyone from Publix caused the liquid to be on the floor.

Actual notice can be established if a plaintiff can show that a defendant's agents or employees actually observed the condition but failed to correct it. *Beckwith,* 112 F. Supp. 3d at 730. Constructive notice is defined as information or knowledge of a fact imputed by law to a person because he could have discovered the fact by proper diligence and his situation was such as to cause upon him the duty of inquiring into it. *Id*. As a general rule, constructive knowledge cannot be established without some showing of the length of time the dangerous condition had

---

[1] Although the Tennessee Supreme Court identifies these two propositions as additional elements, at least one court has characterized them as the method by which to prove the previously referenced element of breach of duty. *Wright v. Sam's East, Inc.*, No. 15-cv-2354-SHL-ege, 2016 WL 9450435 at * 3 (W.D. Tenn. May 4, 2016).

existed, because the proof must show that the condition existed long enough that the defendant knew or, in the exercise of ordinary care should have known, of its existence. *Id.*

Defendant argues that Plaintiff has no evidence to establish constructive notice.[2] Plaintiff blames his inability to demonstrate constructive notice upon Defendant's alleged refusal to cooperate in discovery. Plaintiff references Defendant's Responses to Plaintiff's First Set of Interrogatories and Requests for Production of Documents (Doc. No. 19-1), in which Defendant objected to providing the identities of any and all employees who were scheduled to work on September 16, 2016, at the subject store and indicated that it did not maintain maintenance logs or schedules related to the bathrooms. In response to these discovery requests, Defendant also stated that the service of this lawsuit was Defendant's first notice of Plaintiff's claim. Therefore, Defendant contended, it had no records or reports of the incident, did not believe any employees spoke with Plaintiff concerning the fall, and had had no meetings or communications about the incident prior to the lawsuit.

Plaintiff maintains that Defendant's refusal to cooperate in discovery should preclude summary judgment on his claims. Plaintiff has not attempted, however, to resolve Defendant's objections to the Interrogatories or to seek clarification concerning Defendant's responses. There is no indication that Plaintiff made a good faith attempt at resolving the discovery issues or filed a Motion to Compel responses, pursuant to Local Rule 37.01. Moreover, Plaintiff did not seek additional time for discovery. He clearly had sufficient opportunity to seek additional discovery, but he simply failed to use it.[3]

---

[2] Plaintiff "readily admits" that he is unable to demonstrate actual notice. Doc. No. 19 at 1.

[3] The discovery deadline was September 30, 2018. Doc. No. 9. Defendant's discovery responses were produced on April 3, 2018. Doc. No. 19-1. Plaintiff had sufficient time to seek to compel different or additional responses within the Court's deadlines.

In addition, Plaintiff did not file a Motion pursuant to Fed. R. Civ. P. 56(d), which allows a non-movant to show that it cannot present facts essential to justify its opposition. When faced with a motion for summary judgment, a non-movant must respond with affidavits or otherwise set forth specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56. Plaintiff could have filed a Rule 56(d) Motion, asking the Court to defer consideration of the summary judgment motion or to reopen discovery and contemporaneously submitting an affidavit or declaration setting forth specific reasons why he was unable to present facts to justify his opposition to summary judgment. The required affidavit or declaration must indicate to the Court the need for discovery, what material facts the party hopes to uncover with the additional time, and why the party has not previously discovered the information. *Heath v. Virginia College*, Case No. 3:17-cv-366, 2018 WL 4521027 at * 4 (E.D. Tenn. Sept. 21, 2018) (citing *Cacevic v. City of Hazel Park*, 226 F.3d 483, 487 (6th Cir. 2000)). The need to comply with Rule 56(d) "cannot be overemphasized." *Garcia v. Wal-Mart Stores East, L.P.*, No. 3:16-CV-654, 2018 WL 3098397 at * 2 (E.D. Tenn. June 22, 2018) (citing *Cacevic*, 226 F.3d at 488). Plaintiff filed no such motion and no such affidavit or declaration. The Sixth Circuit has held that a plaintiff's failure to comply with Rule 56(d) is reason enough to grant a motion for summary judgment without allowing for more discovery. *Id*.

Moreover, Plaintiff has failed to show how any additional discovery from Defendant would show constructive notice of the conditions in the men's restroom on the day in question. Plaintiff argues that because Defendant has no records of its maintenance of the restroom, there is a dispute of material fact on that issue. But Plaintiff has the burden of proof here, not Defendant. Defendant has represented (and Plaintiff has acknowledged) that it does not keep logs of restroom cleaning, so the absence of any log for the date in question does not indicate a (potentially tortious) lack of

inspection or cleaning at that time. Maintenance records could be one way for Plaintiff to support his claims, but the mere absence of such records does not satisfy his burden to come forward with affirmative evidence of constructive notice. Such absence does not somehow indicate that Defendant breached its duty of ordinary care to learn about a dangerous condition in the restroom. When there is a complete absence of proof as to when and how the dangerous condition came about, it is improper to permit the jury to speculate on these vital elements. *Beckwith*, 112 F. Supp. 3d at 731. Thus, these claims cannot go to the jury.

In short, Plaintiff has admitted there is no evidence of actual notice and has not shown a genuine issue of material fact as to constructive notice.

## **CONCLUSION**

The alleged circumstances underlying Plaintiff's complaint are, if true, indeed unfortunate: Plaintiff suffered a serious injury as the result of a dangerous condition not of his own making, i.e., liquid on the restroom floor. Under Tennessee law, however, the party maintaining a restroom is not automatically on the hook for liquid on the restroom floor, even if it creates a danger. This may explain in part why so few public restrooms are staffed by an attendant: those maintaining such restrooms are not risking liability merely because they do not have an attendant on the spot to promptly wipe up a spill on the restroom floor. Instead, such parties are liable only if they have actual or constructive knowledge, and constructive knowledge of an allegedly dangerous spill does not arise merely because the spill occurred. Rather, constructive knowledge exists only to the extent that the applicable test under Tennessee law is satisfied.

Defendant has carried its burden of showing an absence of genuine issue as to notice (actual or constructive), an essential element of Plaintiff's claim. Plaintiff has not carried his resulting

burden of showing otherwise. Accordingly, Defendant's Motion for Summary Judgment will be granted.

An appropriate order will be entered.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE